UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:07-cv-0224-ORL-28JGG

LORI EVENSON,

        Plaintiff,

vs.

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

Defendant.

_____/

### DEFENDANT HARTFORD LIFE'S MOTION TO COMPEL PRODUCTION OF PSYCHOTHERAPY NOTES FROM THIRD-PARTY DR. HOWORTH-FAIR AND INCORPORATED MEMORANDUM OF LAW

Defendant, Hartford Life and Annuity Insurance Company ("Hartford Life"), pursuant to Fed.R.Civ.P. 37, 45(C)(2)(B) and M.D. Fla. L.R. 3.01(a) and 3.04(a), moves this Court for an Order compelling Third-Party Witness, Georgia Howorth-Fair ("Dr. Howorth-Fair"), to produce the psychotherapist notes she maintained of her treatment of David Evenson (the "Decedent") in response to the subpoena *duces tecum* (the "Subpoena") which Hartford Life served upon her. In support of this Motion, Hartford Life states:

### I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

This is Plaintiff's claim for the proceeds of life insurance policy no. LT0037035 (the "Policy") issued by Hartford Life to the Decedent, in response to which Hartford Life is asserting a Fla. Stat. § 627.409 claim for rescission. Hartford Life rescinded the Policy because the Decedent failed to disclose in-patient treatment for alcohol addiction, in response

to questions in the application for insurance.  Hartford Life denied coverage, and rescinded the Policy, because the Decedent's undisclosed in-patient treatment for alcohol abuse was material to the risk assumed when Hartford Life issued the Policy.  The Decedent's medical history, "knowledge and belief", and admissions relative to his medical history are in controversy in this action.

Dr. Howorth-Fair treated the Decedent for substance abuse during the relevant time period.  Dr. Howorth-Fair represented that, in response to the Subpoena, she produced all of her records except psychotherapy notes.  Even though Plaintiff provided an authorization for the release of the psychotherapy notes, Dr. Howorth-Fair has refused to produce them, based on a psychotherapist privilege which she is asserting under the Health Insurance Portability and Accountability Act ("HIPAA").  In circumstances where the mental condition and treatment records of a patient are in controversy, the federal courts have repeatedly overruled the psychotherapist's HIPAA-based assertions of privilege.  Consequently, this Court should enter an Order which requires Dr. Howorth-Fair to produce the Decedent's psychotherapy notes and any other documents responsive to the Subpoena which she has withheld.

## II. BACKGROUND

A.      **Hartford Life Issued The Policy Based On Material Misrepresentations Made By The Decedent In The Application.**

On or about July 18, 2003, the Decedent applied for a life insurance policy with Hartford Life, through his insurance agent, during which time he falsely answered several questions concerning his medical history which were material to Hartford Life's acceptance of the risk.

2

On December 18, 2003, the Decedent signed his original application for life insurance, wherein he checked "no" to two pivotal "yes" or "no" questions. The first was Question 6, which asked: "Have you had a consultation, treatment or examination by a physician, healthcare provider or clinic for any reason not listed above?" The other was Question 12, which asked: "Have you ever been treated or counseled, or had treatment recommended that was not completed, for alcohol or drug abuse?" The Decedent signed the amendment to application wherein he represented, among other things, that since the date of the original application, to the best of his knowledge and belief, he had not suffered an illness or injury nor consulted or been examined by a physician or practitioner. The answers to these questions were patently false, and there can be no doubt that the Decedent knew they were false. However, based on these representations, Hartford Life issued the Policy to the Decedent in the amount of $500,000.00.

Hartford Life was notified that the Decedent died on March 22, 2005. Shortly thereafter, Plaintiff, the Decedent's wife, filed a claim for the life insurance benefit under the Policy. During the investigation of Plaintiff's claim, Hartford Life obtained records which reflected that the Decedent had, prior to December 18, 2003, in-patient treatment for alcohol dependency with Turning Point Rehabilitation Center beginning August 18, 2003 and follow-up therapy with Dr. Howorth-Fair beginning on October 3, 2003.

By letter dated July 29, 2005, Hartford Life notified Plaintiff that it was rescinding the Policy because: (1) the Decedent answered "no" to question 12 in the application which asked: "Have you ever been treated or counseled, or had treatment recommended that was not completed, for alcohol or drug abuse?"; and (2) Hartford Life discovered that the

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

Decedent had been admitted to Turning Point Rehabilitation on August 18, 2003 for alcohol dependency treatment.  With the July 29, 2005 letter, Hartford Life tendered to Plaintiff a check in the amount of the premiums paid for the Policy.

### B.    The Pleadings Include Hartford Life's Rescission Claim.

On January 4, 2007, Plaintiff filed a breach of contract action against Hartford Life, seeking payment of the proceeds of the Policy.  Hartford Life filed a Counterclaim for rescission under Fla. Stat. § 627.409 due to material misrepresentations made by the Decedent in the application for life insurance regarding his medical history, specifically the in-patient treatment for alcohol abuse.

### C.    Dr. Howorth-Fair Did Not Fully Comply With The Subpoena.

On May 29, 2007, Hartford Life served Dr. Howorth-Fair with the Subpoena for the production of documents.  The Subpoena requested:

> YOUR ENTIRE FILE WITH ALL CONTENTS, including any and all medical, psychological, neuropsychological and chiropractic records, admission reports, consultation reports, initial evaluations, interim evaluations, final evaluations, discharge summaries, emergency room records, clinical charts, clinical records, medical histories, chiropractic histories, patient questionnaire forms, reports of physical examination, reports of mental examination (including all raw test data and scoring sheets), narrative reports, physical therapy, X-rays, X-ray reports, CT scan films and records, MRI films and reports, notes on attendance, charts, **COMPLETE BILLS** with records of payments, all correspondence, letters, telephone messages, notes, claim forms, lien letters, letters of protection, diagnostic test results and studies, AND ANY AND ALL RECORDS WHATSOEVER YOU MAY HAVE regarding the below-named individual.

> CAUTION:   THIS SUBPOENA COVERS ALL CONTENTS OF YOUR    CHART/FILE AND YOUR BILL.  ALL PAGES MUST BE PRODUCED.

The Subpoena [redacted] is attached hereto as **Exhibit 1**.

4

By letter dated June 5, 2007, Dr. Howorth-Fair produced her bills, discharge summary, and treatment summary pursuant to the Subpoena. However, Dr. Howorth-Fair did not produce her psychotherapy notes. Through discussions, Hartford Life learned that Dr. Howorth-Fair was withholding her psychotherapy notes based on her belief that HIPAA required her to object. As set forth below, this belief has not been accepted by reviewing courts.

Per Hartford Life's request, Plaintiff provided Hartford Life with an authorization for the release of Dr. Howorth-Fair's psychotherapy notes. By letter dated July 16, 2007, Hartford Life provided Dr. Howorth-Fair with the authorization and two cases in which the federal courts required the psychotherapist to produce their psychotherapist notes over the psychotherapist's assertion of privilege. The July 16, 2007 letter and authorization [redacted] are attached hereto as **Exhibit 2**. Since the July 16, 2007 letter, Hartford Life has been in contact with Dr. Howorth-Fair. However, she has not yet produced the records.

### III. CERTIFICATE OF COMPLIANCE

Counsel for Hartford Life certifies, pursuant to M.D. Fla. L.R. 3.01(g), that a good faith effort was made to resolve the issues raised in this motion with Dr. Howorth-Fair, but Hartford Life was unable to do so. As set forth above, counsel for Hartford Life wrote to Dr. Howorth-Fair, provided her with an authorization executed by Plaintiff, as well as the cases upon which it relies in this Motion to Compel. However, Dr. Howorth-Fair has not produced the psychotherapy notes.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## IV.  ARGUMENT

### A.  The Court Should Order Production of the Psychotherapy Notes.

In <u>Jaffe v. Redmond</u>, 518 U.S. 1, 15 (1996), the Supreme Court recognized the federal psychotherapist-patient privilege as applying to licensed psychiatrists, psychologists and also licensed social workers.  The Court reasoned that since it was recognizing this privilege for the first time, "it is neither necessary nor feasible to delineate its full contours in a way that would "govern all conceivable future questions in this area.""  <u>Id</u>. at 18.  However, the Court advocated in favor of predictable standards so that the privilege recognized would be neither contingent nor uncertain.  <u>Id</u>.

In <u>Kalinoski v. Evans</u>, 377 F. Supp. 2d 136, 137 (D.D.C. 2005), the defendant in an employment discrimination suit served a subpoena on the social worker who provided the plaintiff with counseling.  The subpoena requested:

> Any and all medical records pertaining to treatment for mental health, emotional conditions and physical symptoms related to any psychiatric or emotional condition without limitation, regardless of the date or subject matter (including progress notes, hospital entries, psychiatric records, counsel records, lab reports, date, x-ray, films, reports, bills, invoices, and all other documents) for Carol A. Kalinsky.

As in this case, the plaintiff provided an authorization for the release of her records.  Relying on HIPAA and the <u>Jaffe</u> case, however, the social worker moved to quash the subpoena of her records, which consisted solely of psychotherapy notes.

The <u>Kalinoski</u> Court denied the social worker's motion to quash, reasoning first that the federal psychotherapist privilege is waived when the plaintiff places her mental condition in controversy.  <u>Kalinoski</u>, 377 F. Supp. 2d at 138.  The plaintiff placed her mental condition

6

in controversy by alleging that the defendant's actions caused her severe emotional distress to such a degree that counseling was required. Id.

The Kalinoski Court also overruled the social worker's objection to producing her psychotherapist records under HIPAA. The court reasoned that, under HIPAA, psychotherapy notes may be disclosed pursuant to an authorization or court order, both which existed as the plaintiff signed an authorization and the court entered an order which denied the social worker's motion to quash the subpoena. Kalinoski, 377 F. Supp. 2d at 139. See also Townsend v. Shook, 2007 WL 1612657 (W.D.N.C.)(where the plaintiff provided an authorization for release of records, the court granted the parties' joint motion to compel a mental health professional to produce psychotherapy records, and to testify at a deposition concerning those records, over the mental health professional's HIPAA objections). Townsend is attached hereto as **Exhibit 3**.

Under Florida law, the psychotherapist/patient privilege is similarly waived when the plaintiff's mental condition is placed in controversy. David Burton, D.M.D., P.A. v. Becker, 516 So. 2d 283 (Fla. 2d DCA 1987)(physician's drug abuse treatment records were discoverable in malpractice action against him because they were relevant to the plaintiff's claim); compare with Sykes v. St. Andrews School, 619 So. 2d 467 (Fla. 4th DCA 1993)(where authorization was revoked, and plaintiff dismissed claim relating to mental condition, psychotherapist/patient privilege was no longer waived).

There is no question that the Decedent's mental condition is in controversy. Hartford Life, in the Counterclaim, seeks to rescind the Policy based on material misrepresentations made by the Decedent in the application for insurance. Under Fla. Stat. § 627.409(1)(a), the

7

Court may order rescission of the Policy if Hartford Life shows, among other things, that: "The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer." Moreover, because the application for the Policy required the Decedent to confirm his answers to questions "to the best of his knowledge and belief", including the absence of any medical treatment between July 18, 2003 to December 18, 2003, the Decedent's "knowledge and belief" during this time period is in controversy. See Green v. Life & Health of America, 704 So. 2d 1386 (Fla. 1998)(where application for insurance policy contains "knowledge and belief" language, the insured's knowledge and belief is in controversy under Fla. Stat. § 627.409).

Dr. Howorth-Fair's psychotherapy notes are relevant to the Decedent's "knowledge and belief" concerning the treatment he received. The psychotherapy notes may further reveal the admissions which the Decedent made to Dr. Howorth-Fair, which may show his intent, or lack thereof, to induce Hartford Life, based on false answers in the insurance application, to issue the Policy. Accordingly, this Court should find the psychotherapy notes relevant and enter an Order which compels Dr. Howorth-Fair to produce them to Hartford Life in accordance with the Subpoena.

## V. CONCLUSION

Dr. Howorth-Fair's psychotherapy records for the Decedent are relevant to this case because the Decedent's undisclosed medical history and "knowledge and belief" are in controversy. Dr. Howorth-Fair's assertion of a psychotherapist privilege, after receipt of an authorization of Plaintiff, is without basis. Accordingly, this Court should enter an Order

which:  (a) grants this Motion; (b) requires Dr. Howorth-Fair to produce the remainder of her

records for the treatment of Decedent to counsel for Hartford Life forthwith; and (c) provides

any additional relief deemed just and proper under the circumstances.  A proposed Order is

attached hereto as **Exhibit 4** for the Court's convenience.

s/. Michael S. Metta
William J. Gallwey, III, Esquire
Florida Bar No. 199133
wgallwey@shutts-law.com
Jonathan M. Fordin, Esquire
Florida Bar No. 371637
jfordin@shutts.com
Michael S. Metta, Esquire
Florida Bar No. 0126470
mmetta@shutts.com
SHUTTS & BOWEN LLP
201 S. Biscayne Blvd., Suite 1500
Tel:  305-347-7312/Fax:  305-347-7839
*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following **R. Barry Morgan, Esquire** *(407-872-3005)*, THE LAW OFFICE OF R. BARRY MORGAN, P.A., 28 East Washington Street, Orlando, FL 32801 and **A. Brian Phillips, Esquire** *(407-872-0704)*, A. BRIAN PHILLIPS, P.A., 200 South Orange Avenue, Suite 2120, Orlando, FL 32801 and by facsimile *(407-898-9384)* and U.S. mail to **Georgia Howorth-Fair, MS, LMFT, LMHC,** 1635 E. Robinson Street, Orlando, Florida 32803.

s/. Michael S. Metta
Of Counsel

MIADOCS 2201939 1

AO 88(Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LORI EVENSON

Plaintiff,

vs.

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

Defendant.

_____/

CASE NO.  6:07-cv-0224-ORL-28JGG

# SUBPOENA IN A CIVIL CASE

TO:   Records Custodian for **GEORGIA HOWORTH-FAIR, MS, LMFT, LMHC**
1635 E. Robinson Street
Orlando, Florida 32803

⊖   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE & TIME |

⊖   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

⊘   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or object(s).
### SEE ATTACHED ADDENDUM

| PLACE | DATE AND TIME |
|---|---|
| **SHUTTS & BOWEN LLP**<br>**201 South Biscayne Boulevard, 15th Floor**<br>**Miami, FL 33131** | **MAY 31, 2007**<br>**at 11:15 A.M.** |

⊖     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this lawsuit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  (Attorney for Defendant) | May 2?, 2007 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Jonathan M. Fordin, Esquire, SHUTTS & BOWEN LLP
201 South Biscayne Blvd., Suite 1500, Miami, FL 33131   (305)347-7390

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)



EXHIBIT
1
tabbies®

AO 88(Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
|  |  |  |

## SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

**I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.**

Executed on _____        _____

Date                                                SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) a party for an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena my, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

  (i) fails to allow reasonable time for compliance
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provision of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden
(B)  If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development or commercial information or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

5

ADDENDUM FOR DOCUMENTS TO BE PRODUCED BY
Records Custodian for
**GEORGIA HOWORTH-FAIR, MS, LMFT, LMHC**

**NO APPEARANCE NECESSARY**
**DOCUMENTS MAY BE MAILED IN LIEU OF APPEARANCE**

Deponent is to produce, at the date and time of deposition, the following documents:

YOUR ENTIRE FILE WITH <u>ALL CONTENTS</u>, including <u>any and all</u> medical, psychological, neuropsychological and chiropractic records, admission reports, consultation reports, initial evaluations, interim evaluations, final evaluations, discharge summaries, emergency room records, clinical charts, clinical records, medical histories, chiropractic histories, patient questionnaire forms, reports of physical examination, reports of mental examination (including all raw test data and scoring sheets), narrative reports, physical therapy, X-rays, X-ray reports, CT scan films and records, MRI films and reports, notes on attendance, charts, **COMPLETE BILLS** with records of payments, all correspondence, letters, telephone messages, notes, claim forms, lien letters, letters of protection, diagnostic test results and studies, AND ANY AND ALL RECORDS WHATSOEVER YOU MAY HAVE regarding the below-named individual.

CAUTION: THIS SUBPOENA COVERS <u>ALL</u> CONTENTS OF YOUR CHART/FILE AND YOUR <u>BILL</u>. ALL PAGES MUST BE PRODUCED.

**NAME:**    **DAVID EVENSON**
**S.S. # :**
**DOB :**    **REDACTED**

<u>**NOTICE TO RECORDS CUSTODIAN:**</u>

We appreciate your cooperation in furnishing the materials requested in this Subpoena. Please note the following:

1.      If you have absolutely no record of this individual, please send us something in writing to this effect. You may write directly on the original Subpoena and mail it back.

2.      You may comply with the Subpoena by providing legible copies of the items requested by mailing or delivering copies of said material to the address indicated on the Subpoena.

3.      **IF YOUR COPYING CHARGES ARE GOING TO EXCEED $100.00, PLEASE CONTACT MY OFFICE PRIOR TO INCURRING THIS COST.**
Thank you for your assistance in this regard.



# SHUTTS
## &
# BOWEN
## LLP

ATTORNEYS AND COUNSELLORS AT LAW

JONATHAN M. FORDIN
(305) 347-7390 Direct Telephone
(305) 347-7790 Direct Facsimile

E-MAIL ADDRESS:
jfordin@shutts.com

July 16, 2007

**VIA FACSIMILE**
**(305) 347-7790 AND U.S. MAIL**

Georgia Howorth-Fair, MS, LMFT, LMHC
1635 E. Robinson Street
Orlando, FL 32803

Re:   **Lori Evenson v. Hartford Life**
       **M.D. Fla. Case No. 6:07-cv-0224-ORL-28JGG**
       **Our File No. 24022-0203**

Dear Dr. Howorth-Fair:

Enclosed as **Exhibit 1** is an authorization signed by Plaintiff Lori Evenson for the release of her late husband, David Evenson's psychotherapy notes. As set forth below, the position that psychotherapy notes are immune from discovery by HIPAA has been repeatedly overruled by the Federal courts. Accordingly, we appreciate your compliance with the subpoena by the close of business on Wednesday, July 18, 2007, or we will file a motion to compel on the cases cited below.

We direct your attention to the case of Townsend v. Shook, 2007 WL 1612657 (W.D.N.C.) where the Court required production of psychotherapist records over the psychotherapist objection. A copy of the Townsend case is attached for your review as **Exhibit 2**. Townsend stands for the proposition that HIPAA does not prevent disclosure of psychotherapy notes in judicial proceedings. Where the psychotherapy notes are relevant to the claims or defenses of a party, as in this case, the healthcare provider must comply with subpoenas and other legal process.

Finally, we reviewed the case of Kalinoski v. Evans, 377 F. Supp. 2d 1366 D.D.C. 2005). A copy of Kalinoski is attached for your review as **Exhibit 3**. Contrary to your attorney's representation, the Court there overruled the social worker's objections to producing counseling records under HIPAA as well as a District of Columbia mental health privilege. Consequently, there is no legal justification to withhold the records of David Evenson's psychotherapy.



**EXHIBIT**
**2**

MIADOCS 2220335 1
1500 MIAMI CENTER • 201 SOUTH BISCAYNE BOULEVARD • MIAMI, FL ... 5300 • FACSIMILE (305) 381-9982 • WEBSITE: www.shutts-law.com

MIAMI        FORT LAUDERDALE        WEST PALM BE...        ...ALLAHASSEE        AMSTERDAM        LONDON

Georgia Howorth-Fair, MS, LMFT, LMHC
Re: <u>Lori Evenson v. Hartford Life</u>
July 16, 2007
Page 2


      We thank you in advance for your compliance with the subpoena without the need for Federal Court motion practice.

                  Very truly yours,

                  SHUTTS & BOWEN LLP

                  Jonathan M. Fordin

JMF/mic
Enclosures
cc:    R. Barry Morgan, Esq.
       A. Brian Phillips, Esq.

To:     Georgia Howorth-Fair, MS, LMFT, LMHC
        1635 E.. Robinson Street
        Orlando, Florida 32803

## AUTHORIZATION FOR RELEASE OF RECORDS

I, LORI EVENSON, hereby authorizes Georgia Howorth-Fair, MS, LMFT, LMHC

located at 1635 E. Robinson Street, Orlando, Florida 32803 to release to Attorney Jonathan M.

Fordin, Esquire, of SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne

Boulevard, Miami, Florida 33131 copies of the following:

   1.      Any and all progress notes, notations, transcriptions of recorded progress notes
and notations referring and/or relating to each and every visit and/or session [whether individual.
group and/or counseling] regarding **DAVID EVENSON** [Social Security No. **REDACTED**
Date of Birth **REDACTED**

**Expiration Date**: September 28, 2007

**Information regarding this Authorization:**

1.      You have the right to revoke this Authorization, in writing to Georgia Howorth-
        Fair, MS, LMFT, LMHC at any time. The revocation is only effective after it is
        received and logged by Georgia Howorth-Fair, MS, LMFT, LMHC. Any use or
        disclosure made prior to a revocation is not included as part of the revocation.
2.      Once protected health information ("PHI") is disclosed to others, it may be
        redisclosed by them to persons or entities that are not subject to the privacy
        regulations, which means that the PHI may no longer be protected by regulations.
3.      This authorization must be signed and dated by the patient or signed and dated by
        the patient's personal representative and include a description of that person's
        ability to act on behalf of the patient.

Dated: _7/6/07_

Lori Evenson

Social Security Number:    **REDACTED**
Date of Birth: _____

MIADOCS 2175620 1
6/20/07

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF _Seminole_      )

     BEFORE ME, the undersigned authority, personally appeared LORI EVENSON, who after being by me first duly sworn, deposes and says that she signed the foregoing Authorization for Release of Records.

     SWORN TO AND SUBSCRIBED before me on this _6th_ day of _July_, 2007.

               _Norma M. Rossi_
               Notary Public, State of Florida

               _NORMA  M. ROSSI_
               Print Name

               My Commission Expires: _9.24.08_

✓ Personally known to me, or
__ Produced I.D. _____
           (Type and number of I.D.)

__ Did take Oath
✓ Did not take Oath

               NORMA M. ROSSI
               MY COMMISSION # DD356857
               EXPIRES: September 24, 2008
               1-800-3-NOTARY   FL Notary Discount Assoc. Co.

2

_Lois Evenson_       _7/6/07_
Patient, or           Date
Personal representative (indicating appointing authority and date of appointment), or
Parent or guardian of a minor.

_____     _____
(Appointing authority of relationship)     Date

_____     _____
Witness     Date

STATE OF _Florida_
COUNTY OF _Seminole_

Before me, personally appeared _Lois Evenson_

Whose identity is known to me by _Personally_ (type of identification) and who,
acknowledges that his/her signature appears above.

Sworn to or affirmed by Affiant before me this _6th_ day of _July_, 200_7_.

_Norma M. Rossi_       _9-24-08_
NOTARY PUBLIC       My Commission Expires

_NORMA M. ROSSI_
Type or Print Name

> NORMA M. ROSSI
> MY COMMISSION # DD356857
> EXPIRES: September 24, 2008
> 1-800-3-NOTARY    FL Notary Discount Assoc. Co.

MIADOCS 2190875 1

Westlaw.

Slip Copy

Page 1

Slip Copy, 2007 WL 1612657 (W.D.N.C.)
(Cite as: Slip Copy)

Townsend v. Shook
W.D.N.C.,2007.
Only the Westlaw citation is currently available.
United States District Court, W.D. North Carolina,
Statesville Division.
Paula TOWNSEND, Plaintiff,
v.
Mark William SHOOK, individually and in his
official capacity as Sheriff of Watauga County;
Watauga County; and John Doe Surety, Defendants.
No. 5:06cv70.

May 31, 2007.

Angela Newell Gray, Gray Newell, LLP, Winston
Salem, NC, for Plaintiff.
Bradley Owen Wood, James R. Morgan, Jr.,
Womble, Carlyle, Sandridge & Rice, PLLC,
Winston-Salem, NC, for Defendants.

## ORDER

DENNIS L. HOWELL, United States Magistrate
Judge.
*1 THIS MATTER is before the court on the Joint
Motion for an Order Directing Fowler Cooper, MA,
LMFT, PA to Produce Records Pertaining to the
Plaintiff to Plaintiff's Counsel and to Appear to be
Deposed by Defendants' Counsel (# 33), the court's
Order requiring Mr. Cooper to Show Cause, and the
joint oral motion of the parties to enlarge the time
for discovery.

On May 30, 2007, a hearing was held in Asheville.
At the hearing, counsel for the plaintiff and
defendants moved into evidence exhibits and other
materials that had been earlier submitted in support
of their joint motion. Mr. Fowler Cooper, M.A.,
appeared at the hearing and was represented by
counsel. In response to the Order to show cause,
Mr. Cooper testified concerning his actions in
resisting the subpoena issued by this court. At the
conclusion of the hearing, the court found that Mr.

Cooper was not in contempt of the court inasmuch
as he attempted, however inartfully, to resist the
subpoena based on a good faith belief that
compliance with the subpoena would be unlawful
and unethical. Further, the evidence was not clear
and convincing that Mr. Cooper intended to
disregard the court's process; rather, it was revealed
during the testimony that Mr. Cooper had relied on
the advice of an out-of-state attorney who had not
made a formal appearance on his behalf. Further
alleviating the court's concern that its process was
being disregarded or that a witness was attempting
to obstruct these proceedings was Mr. Cooper's
agreement at the hearing to travel at his own
expense to counsel for defendants' office for the
purpose of the deposition, a decision which will
greatly reduce costs. The court finds, therefore, that
there is not clear and convincing evidence that Mr.
Cooper was in contempt and that Mr. Cooper has
shown good cause and, he is not in contempt of this
court. Turning now to the substantive issue raised
by Mr. Cooper, the question presented is whether
the provisions of the Health Insurance Portability
and Accountability Act ("HIPAA") prohibit the
disclosure of treatment records and the testimony of
a mental health therapist even where the patient has
waived the psychotherapist privilege. Specifically,
Mr. Cooper asserted that the federal regulations
implementing HIPAA, specifically 45 C.F.R. §
164.524, prevent him from either disclosing or
testifying as to his course of counseling plaintiff
even where plaintiff provides him with a written
waiver. Part 164.524 provides in relevant part, as
follows:
§ 164.524 Access of individuals to protected
health information. (a) Standard: Access to
protected health information-(1) Right of access.
Except as otherwise provided in paragraph (a)(2) or
(a)(3) of this section, an individual has a right of
access to inspect and obtain a copy of protected
health information about the individual in a
designated record set, for as long as the protected
health information is maintained in the designated
record set, except for:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
3

Slip Copy                                                                Page 2

Slip Copy, 2007 WL 1612657 (W.D.N.C.)
(Cite as: Slip Copy)

*2 (i) Psychotherapy notes

* * *

45 C.F.R. § 164.524. Apparently, the drafters of this regulation were concerned that disclosure of psychotherapy notes even to the patient would be detrimental to the mental health of the client.

While this court recognizes and demurs to the expertise of the drafters of the regulations, such a regulation runs afoul of common law precedent which has long found that the psychotherapist-patient privilege, recognized in *Jaffe v. Redmond,* 518 U.S. 1 (1996), is waived when the patient places her mental health at issue in litigation. *Vasconcellos v. Cybex Int'l, Inc.,* 962 F.Supp. 701 (D.Md.1997). Such federal regulation also runs afoul of state statutory law, which specifically allows judicial access to **psychotherapy** records under certain circumstances:
No person, duly licensed as a licensed marriage and family therapist, nor any of the person's employees or associates, shall be required to disclose any information which the person may have acquired in rendering professional marriage and family therapy services, and which information was necessary to enable the person to render professional marriage and family therapy services. Any resident or presiding judge in the district in which the action is pending may, subject to G.S. 8-53.6, **compel** disclosure, either at the trial or prior thereto, if in the court's opinion disclosure is necessary to a proper administration of justice. If the case is in district court the judge shall be a district court judge, and if the case is in superior court the judge shall be a superior court judge.

N.C.Gen.Stat. § 8-53.5. North Carolina law allows judicial disclosure where such information is necessary to the proper administration of justice, a provision which is contrary to the regulations implementing HIPAA. The question is whether HIPAA preempts North Carolina law as to access to psychotherapist notes.

While this conflict of laws appears to be a question of first impression in North Carolina and the Fourth Circuit, the court has found two cases that provide

guidance and are persuasive. In *Kalinoski v. Evans,* 377 F.Supp.2d 136 (D.D.C.2005), the district court noted that
it does not follow from the fact that a patient is not allowed to inspect her own notes under section 164.524(a)(1)(i) that a court order plus a patient authorization are insufficient to permit the production of notes in a court proceeding. Unlike section 7-1201.03 of the D.C.Code (which even then applies only to a subset of a psychotherapist's notes), there is no indication that the intent of the HIPAA regulations were to shield psychotherapy notes entirely from discovery in a judicial proceeding.

*Id.,* at fn3. Thus, *Kalinoski* stands for the proposition that HIPAA does not prevent disclosure of psychotherapy notes in judicial proceedings as well as looking to local law for guidance. Similarly, in *Findley v. Findley,* 937 So.2d 912 (La.App. 3rd Cir.2006), the Louisiana Court of Appeal, Third Circuit, found that*3 HIPAA preempts any "contrary" state law, unless the state law is "more stringent" than the HIPAA requirements. 45 C.F.R. § 160.203. A state law is "contrary" to HIPAA if a health care provider would find it impossible to comply with both the state and federal provisions regarding disclosure or the state law is an obstacle to the accomplishment of the purposes of HIPAA. 45 C.F.R. § 160.202. However, there is no preemption if a "contrary" state law is "more stringent" than HIPAA. 45 C.F.R. § 160.203(b).

*Id.,* at 916. Because Louisiana law affords individuals greater rights of access or amendment to medical and mental health records, the *Findley* court found that HIPAA did not preempt state law which was more stringent.

In North Carolina, a patient may access their mental health records and a court may compel production where "disclosure is necessary to a proper administration ofjustice." N.C.Gen.Stat. § 8-53.5. In this case, plaintiff has asserted claims wherein she alleges that severe emotional damages were inflicted by defendants. It further appears to the court that plaintiff desires to move forward on such claims and that she has provided written

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 1612657 (W.D.N.C.)
(Cite as: Slip Copy)

waivers of any psychotherapist-patient privilege. The finds that the notes and billing records concerning plaintiff's psychotherapy treatment are essential to both plaintiff's prosecution of her claims as well as to defendants' ability to defend against such claims. Based on such determinations, the court finds that the disclosure of such records as well as the testimony of plaintiff's therapist are necessary to the proper administration of justice, and the court will compel Mr. Cooper to fully comply with the subpoena previously issued and attend the noticed deposition.

Finally, the court has considered the motion of the parties to enlarge the time for completion of discovery necessitated by this proceeding. Finding that good cause has been shown and that the parties have been diligent in this matter, the court will enlarge the time for completion of discovery to July 9, 2007.

### ORDER

IT IS, THEREFORE, ORDERED that

(1) the Joint Motion for an Order Directing Fowler Cooper, MA, LMFT, PA to Produce Records Pertaining to the Plaintiff to Plaintiff's Counsel and to Appear to be Deposed by Defendants' Counsel (# 33) is, as previously Order, further **ALLOWED**, and Mr. Cooper shall produce his entire treatment file, including billing records, that concern plaintiff's care to respective counsel for both plaintiff and defendants, subject to the following protective order:

#### *PROTECTIVE ORDER*

*Any mental health records produced in compliance with this Order may not be further disclosed outside this litigation. The parties may submit such records to any properly qualified physician, psychiatrist, psychologist, or sociologist for the limited purpose of formulating an expert report or conducting and IME. In the event any such records are filed with the court, they shall be filed under seal and in a manner that prohibits any unnecessary public*

*disclosure of such records. Such records may, however, be reviewed by the parties, counsel for the parties and their professional employees, expert witnesses, the jury, and court personnel.*

*4 (2) the court having found that Mr. Fowler Cooper, MA, LMFT, P.A, is not in civil contempt of this court, Mr. Cooper is **RELIEVED** from showing further cause in this matter;

(3) Mr. Fowler Cooper, MA, LMFT, PA, is **COMPELLED** to produce his entire file and billing records concerning plaintiff's course of treatment and care and appear for deposition at the offices of Bradley Wood at 10 a.m. on June 12, 2007, with Mr. Cooper being responsible for his own travel expenses to and from the deposition, and defendants being reasonable for paying Mr. Cooper his usual, reasonable, and customary professional fee for his time spent in the deposition; and

(4) the time for completion of discovery is **ENLARGED** up to and inclusive of July 9, 2007.

W.D.N.C.,2007.
Townsend v. Shook
Slip Copy, 2007 WL 1612657 (W.D.N.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:07-cv-0224-ORL-28JGG

LORI EVENSON,

      Plaintiff,

vs.

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

Defendant.

_____/

## ORDER ON DEFENDANT HARTFORD LIFE'S MOTION TO COMPEL PRODUCTION OF PSYCHOTHERAPY NOTES FROM THIRD-PARTY DR. HOWORTH-FAIR

This matter came before the Court on Defendant's, Hartford Life and Annuity Insurance Company ("Hartford Life"), Motion to Compel Production of Psychotherapy Notes from Third-Party Dr. Howorth-Fair and Incorporated Memorandum of Law (the "Motion") and the Court, having been duly advised on the premises, hereby

ORDERS AND ADJUDGES that:

(1)    The Motion is GRANTED; and

(2)    Dr. Georgia Howorth-Fair is ordered to produce the psychotherapy notes and any other documents in her possession, custody or control which are responsive to the subpoena *duces tecum* to Counsel for Hartford Life forthwith.



EXHIBIT
4

DONE AND ORDERED at Orlando, Florida this _____ day of August, 2007.

_____
U.S. DISTRICT COURT JUDGE

Copies furnished to:
William J. Gallwey, III, Esquire
R. Barry Morgan, Esquire
A. Brian Phillips, Esquire
Dr. Georgia Howorth-Fair