FILED
RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2007 AUG 17 PM 2: 54

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO. 6:07-cv-0224-ORL-28JGG

LORI EVENSON,

    Plaintiff,

vs.

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

    Defendant.
_____/

## NON-PARTY WITNESS GEORGIA HOWORTH-FAIR'S OPPOSITION TO DEFENDANT"S MOTION TO COMPEL PRODUCTION OF PSYCHOTHERAPY NOTES AND INCORPORATED MEMORANDUM OF LAW

Non-party witness, Georgia Howorth-Fair, pro se, opposes Defendant's Motion to Compel me to produce psychotherapy notes, and in support of her opposition, states:

### I. STATEMENT OF DISPUTED FACTS

I dispute Defendant's statement, at p. 5 of the Motion, that I withheld "[my] psychotherapy notes based on [my] belief that HIPAA required [me] to object." I notified Mr. Fordin of Shutts & Bowen, LLP on or about July 20, 2007 that I had provided all documents to which the client had a right of access under HIPAA's Privacy Rule and under Florida law.

HIPAA does not require me to object. The subpoena served by the Defendant provided the text of Rule 45(c)(2)(B) which permits me to serve a written objection "to . . . copying of . . . the designated materials."



Throughout the motion, Defendant refers to me as Dr. Howorth-Fair. I hold an M.S. degree and am licensed as a marriage and family therapist and mental health counselor under the laws of the State of Florida.

## II. ARGUMENT

Contrary to Defendant's framing of the question, the issue here is not one of client privilege. A therapist invokes Florida's psychotherapist/client privilege only in when the client has failed to sign a waiver authorizing the requested disclosure. Here, the client has waived the privilege, so I cannot and do not invoke it.

I am asserting that the client, and consequently the Defendant, has no right to the documents in my possession that meet the definition of psychotherapy notes under HIPAA's Privacy Rule. This assertion does not depend on an interpretation of any privilege or confidentiality statute. It depends on HIPAA's Privacy Rule and on an understanding of a client's right of access, created by that Rule, to records in my possession.

### A. HIPAA's PRIVACY RULE SPECIFICALLY STATES THAT A CLIENT IS NOT ENTITLED TO ACCESS TO PSYCHOTHERAPY NOTES.

HIPAA's Privacy Rule was promulgated in 2000 to address privacy concerns of patients and clients who receive medical or mental health care. The Privacy Rule gives a patient or client the right to see and get a copy of certain records, to have corrections made to records, and limit disclosure of records to

third parties and for other purposes. The Privacy Rule established, for the first time, a foundation of Federal protections for the privacy of health information.

A client's right of access to records is found at 45 CFR Section 164.524(a).

> 45 CFR Sec. 164.524 Access of individuals to protected health information.
>
> (a) Standard: Access to protected health information. (1) Right of access. Except as otherwise provided in paragraph (a)(2) or (a)(3) of this section, **an individual has a right of access** to inspect and obtain a copy of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set, **except for**:
> (i) **Psychotherapy notes**; (emphasis added).

Clearly, the Privacy Rule gives the client, and accordingly the Defendant, a right to receive a copy of protected health information in my file. The Rule excepts, excludes, and saves psychotherapy notes.

I have not provided a copy of the psychotherapy notes. The Privacy Rule excludes psychotherapy notes from the client's right of access.

I have, therefore, in response to the Defendant's subpoena, copied and produced all the protected health information to which the client has a right.

B. THE COMMENTS ACCOMPANYING PUBLICATION OF THE FINAL RULE SPECIFICALLY STATE THAT PSYCHOTHERAPY NOTES ARE THE "PERSONAL NOTES OF THE THERAPIST."

HIPAA defines psychotherapy notes as follows:

> 45 CFR Sec. 164.501: Psychotherapy notes means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session.

In promulgating the final HIPAA privacy rule, the Department of Health and Human Services made the following comments about psychotherapy notes as used in the Rule, articulating the intention to exclude, and the grounds for excluding, psychotherapy notes from that set of information to which a client has a right:

> First, unlike the proposed rule, we specify that individuals do not have a right of access to psychotherapy notes. 65 Fed. Reg. 82554 (December 28, 2000).
>
> . . . [T]he rationale for providing special protection for psychotherapy notes is not only that they contain particularly sensitive information, but also that **they are the personal notes of the therapist**, intended to help him or her recall the therapy discussion and are of little or no use to others not involved in the therapy. **Information in these notes is not intended to communicate to, or even be seen by, persons other than the therapist.** 65 Fed.Reg. 82623 (December 28, 2000) (emphasis added).

I am not, as the Defendant argues, invoking a privilege that belongs to the client because the client has failed to assert it. I am maintaining my right to protect what the Privacy Rule identifies as my personal property.

### C. JAFFE, KALINOSKI AND SHOOK DO NOT APPLY SINCE THE THERAPIST IS NOT INVOKING THE CLIENT'S PRIVILEGE.

The cases cited by the Defendant are all privilege cases. Jaffe recognized a psychotherapist-patient privilege. I am not invoking the psychotherapist-patient privilege.

Kalinoski construed a social worker's claim of privilege at common law and under DC statutes. The Kalinoski Judge did not examine the intention stated

in the Final Rule that psychotherapy notes are the property of the therapist. The Kalinoski Judge said:

> . . . there is no indication that the intent of the HIPAA regulations were [sic] to shield psychotherapy notes entirely from discovery in a judicial proceeding. 377 F. Supp. 2d, at 138 and n.3.

*Compare,* "Information in these notes is not intended to communicate to, or even be seen by, persons other than the therapist." 65 Fed.Reg. 82623 (December 28, 2000). That is clearly an indication of an intent to shield psychotherapy notes.

The Judge in Shook read the limitation on client access and concluded, erroneously, that the prohibition on disclosure was related to the drafters' concern for the mental health of the client. There was no mention of or reference to the drafters' statement that psychotherapy notes are the personal notes of the therapist.

Both Shook and Kalinoski use the client's mental health as an issue in the underlying lawsuit to force disclosure of the psychotherapy notes. This is not the correct question. Whether the client's mental health is at issue in a lawsuit does not increase a client's right of access to documents. 45 CFR Sec. 164.524(a) does not say "except psychotherapy notes, unless the client's mental health is an issue in a lawsuit."

## CONCLUSION

The issue here is not one of client privilege, nor is it one of relevance.

The issue is whether the plain language of HIPAA's Privacy Rule means what it says.

The Court should deny the Defendant's Motion.

/s/ Georgia Howorth-Fair
Georgia Howorth-Fair, Pro Se
geofairy@hotmail.com
1635 E. Robinson Street
Orlando, FL 32803
Tel: 407-263-8977/Fax: 407-898-9384
*Non-Party Witness*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 17th day of August, 2007, I filed the foregoing with the Clerk of the Court in person, and by facsimile and U.S. mail to the following:

William J. Galway, III, Esquire (fax: 305-347-7839)
201 S. Biscayne Boulevard, Suite 1500
Miami, FL 33131

R. Barry Morgan, Esquire (fax: 407-872-3005)
28 East Washington Street
Orlando, FL 32801

A. Brian Phillips, Esquire (fax: 407-872-0704)
200 South Orange Avenue, Suite 2120
Orlando, FL 32801

/s/ Georgia Howorth-Fair
Georgia Howorth-Fair