# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LORI EVENSON,**

                    **Plaintiff,**

**-vs-**                                          **Case No.  6:07-cv-224-Orl-28UAM**

**HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,**

                    **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL PRODUCTION OF PSYCHOTHERAPY NOTES FROM THIRD-PARTY DR. HOWORTH-FAIR (Doc. No. 34)** |
| **FILED:** | **August 13, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.    INTRODUCTION

Plaintiff Lori Evenson sues Defendant Hartford Life and Annuity Insurance Company ("Hartford").  Evenson claims that she is the third party beneficiary of a life insurance policy issued by Hartford on her husband's, David Evenson, life.  Hartford states that it denied coverage and rescinded the policy because the decedent failed to disclose in-patient treatment for alcohol addiction. The decedent's medical history, knowledge and beliefs, and admissions regarding his medical history are relevant to the action.

On May 29, 2007, Defendant issued a subpoena to third party Georgia Howorth-Fair, M.S. for her entire file regarding her treatment of decedent.  Howorth-Fair produced some records, but not her psychotherapy notes.  At Hartford's request, Plaintiff signed a release authorizing the release of Howorth-Fair's psychotherapy notes, and this release was provided to Howorth-Fair on July 16, 2007.

Howorth-Fair's refusal to produce psychotherapy notes is based solely on the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq*.  Howorth-Fair seemingly contends that because patients do not have a right of access to her notes, the litigants in this case also have no right to the notes.  Howorth-Fair contends that the notes are her personal property and that she should not be compelled to produce them.

## II.    ANALYSIS

HIPAA was designed "to improve the . . . efficiency and effectiveness of the health information system through the establishment of standards and requirements for the electronic transmission of certain health information."  HIPAA § 261, Pub. L. 104-191, 110 Stat. 1936 (codified at 42 U.S.C. § 1320d notes).  HIPAA focuses on "privacy, efficiency and modernization" of health information.  *Webb v. Smart Document Solutions, Inc.*, – F.3d –, 2007 WL 2410179 *4 (9th Cir. August 27, 2007).  HIPAA directs the Secretary of Health and Human Services ("HHS") to "adopt standards" to achieve HIPAA's purpose.  42 U.S.C. § 1320d-2(d)(2).  Congress specifically directed HHS to promulgate privacy regulations that include the following: "(1) The rights that an individual who is a subject of individually identifiable health information should have.  (2) The procedures that should be established for the exercise of such rights.  (3) The uses and disclosures of such information that should be authorized or required."  HIPAA, § 264(b), 110 Stat. 2033.

Howorth-Fair relies on the HHS regulation that addresses an individual's right to access protected health information.   45 C.F.R. § 164.524.   The regulation specifically excludes psychotherapy notes from an individual's right of access. 45 C.F.R. § 164.524(a)(1)(i). Howorth-Fair argues that based on the plain language of the regulation and the regulatory intent as evidenced by HHS's published comments to the regulation, she has no obligation to produce her psychotherapy notes.

As a general rule of interpretation, the plain meaning of a regulation governs.  *KCMC, Inc. v. F.C.C.*, 600 F.2d 546, 549 (5th Cir. 1979).   The plain language of a regulation, however, will not control if "clearly expressed [administrative] intent is to the contrary or [if] such plain meaning would lead to absurd results."  *Webb*, – F.3d. –, 2007 WL 2410179 *5 (citations omitted).  The exception to the "plain meaning" rule is invoked only when "some indication of the regulatory intent that overcomes the plain language . . . [is] referenced in the published notices that accompany the rulemaking process."  *Id*.  (citations omitted).

Interpretation of the plain meaning of section 164.524 hinges on who is an "individual." HHS defined "individual" as "the person who is the subject of the protected health information." 45 C.F.R. § 160.103.  The Ninth Circuit recently ruled that this definition of "individual" applies to section 164.524, and rejected the argument that personal representatives or agents were included within the definition of "individual."  *Webb*, – F.3d. –, 2007 WL 2410179 *4-7.  Under the plain meaning of the statute, section 164.524 does not support the psychotherapist's argument because the request for her notes is not being made by the person who is the subject of the protected health information.  *See also, Kalinoski v. Evans*, 377 F. Supp. 2d 136, 139 n. 3 (D.D.C. 2005) ("it does not follow from the fact that

-3-

a patient is not allowed to inspect her own notes under section 164.524(a)(1)(i) that a court order plus

a patient authorization are insufficient to permit the production of notes in a court proceeding.").

Howorth-Fair relies primarily on a comment regarding an individual's right of access that

accompanied the regulations at the time the regulations were finalized.  In particular, Howorth-Fair

relies on the following comment:

> [T]he rationale for providing special protection for psychotherapy notes
> is not only that they contain particularly sensitive information, but also
> that they are the personal notes of the therapist, intended to help him or
> her recall the therapy discussion and are of little or no use to others not
> involved in the therapy. Information in these notes is not intended to
> communicate to, or even be seen by, persons other than the therapist.

65 Fed. Reg. 82623 (December 28, 2000).  The Court does not find the above comment evinces a

regulatory intent to preclude disclosure of psychotherapy notes when the plain language of the

regulations is considered as a whole.

In other sections of the regulations, disclosure of psychotherapy notes is permitted under

certain limited circumstances without an authorization, and under other circumstances with an

authorization.  45 C.F.R. § 164.508(a)(2).  Further, the regulations specifically allow covered entities

to disclose protected health information in judicial proceedings, including in response to a court order

or subpoena.  45 C.F.R. § 164.512(e).  Nothing in the regulations limits the type of records subject to

disclosure in response to a court order or subpoena.  Indeed, HHS' comments at the time the

regulations were finalized state that it did not "intend to alter rules of discovery."  65 Fed. Reg.

82554.[1]

_____

[1] One court has found that to the extent section 164.524 would limit access to psychological records when a party's
mental health is placed at issue in litigation, it runs afoul of the common law precedent recognized in *Jaffe v. Redmond,* 518
U.S. 1 (1996), that the psychotherapist-patient privilege is waived in such circumstances.  *Townsend v. Shook*, 2007 WL

The parties in this case agree that information regarding decedent's treatment for alcohol addiction is discoverable in this case, decedent's spouse has authorized the release of the psychotherapy notes, and the psychotherapy notes have been subpoenaed.  There is no basis for Howorth-Fair to withhold production of the notes.

**CONCLUSION**

Defendant's motion to compel is granted.  Georgia Howorth-Fair, M.S. shall produce to Defendant her psychotherapy notes related to the treatment of David Evenson and any other documents responsive to Defendant's subpoena for documents that have not yet been produced. Howorth-Fair shall comply with this order on or before **October 12, 2007**.

Pursuant to 45 C.F.R. § 164.512(e)(v), the parties are prohibited from using or disclosing the protected health information for any purpose other than this litigation, and the protected health information must be destroyed at the end of the litigation.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2007.

*Donald P. Dietrich*

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Non-party Georgia Howorth-Fair

---

1612657 *2 (W.D.N.C. May 31, 2007).